1  Law Offices Of Hagen & Hagen*
   Earle Hagen (1925 - 2008)
2  Jeffrey J Hagen - State Bar No. 143754
   (818) 501-6161
3  4559 San Blas Avenue
   Woodland Hills, California  91364
4  Fax   :  (818) 907-6722
   e-mail :  jeff@hagenhagenlaw.com
5  Website:  www.hagenhagenlaw.com

6  Attorneys for Debtor/Defendant

7  *A Debt Relief Agency Making A
   World Of Difference Since 1970...
8  We Help People File For Bankruptcy
   Relief Under The Bankruptcy Code

9
                   UNITED STATES BANKRUPTCY COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
                     SAN FERNANDO VALLEY DIVISION
11
   In re:                          )   Case No. **1:22-bk-10695-VK**
12                                  )   Chapter 7
   **Ari David Alexenburg,**        )   Adv. No. **1:22-ap-01049-VK**
13                                  )
              Debtor,              )   **MOTION BY DEFENDANT ARI
14 _____   )   DAVID ALEXENBURG FOR ORDER
                                    )   DISMISSING COMPLAINT BY
15 **Daphne Yadegar,**             )   PLAINTIFF DAPHNE YADEGAR,
                                    )   WITHOUT LEAVE TO AMEND, FOR
16            Plaintiff,           )   FAILURE TO STATE A CLAIM
                                    )   FOR RELIEF PURSUANT TO
17 v.                               )   FEDERAL RULE OF BANKRUPTCY
                                    )   PROCEDURE 7012(b)(6);**
18 **Ari David Alexenburg,**        )
                                    )   **MEMORANDUM OF POINTS AND
19            Defendant.           )   AUTHORITIES;**
                                    )
20                                  )   **DECLARATION OF DEFENDANT
                                    )   ARI DAVID ALEXENBURG**
21                                  )
                                    )   Date:  To Be Assigned
22                                  )   Time:  To Be Assigned
                                    )   Courtroom:  301 by Zoom.gov
23 _____   )

24        To:    The  Honorable  Victoria  S.  Kaufman,  United  States

25 Bankruptcy Judge And Plaintiff Daphne Yadegar And Her Attorneys,

26 Law Offices Of Eric Bryan Seuthe & Associates:

27

28                        Page 1 of  16

Defendant Ari David Alexenburg hereby moves this Court For An Order Dismissing Complaint By Plaintiff Daphne Yadegar, Filed 09/22/2022, Docket Number 5, Without Leave To Amend, For Failure To State A Claim For Relief Pursuant To Federal Rule Of Bankruptcy Procedure 7012(b)(6).

**PLEASE TAKE FURTHER NOTICE** that this Motion is being brought pursuant to Federal Rule Of Civil Procedure 12(b)(6) as made applicable in bankruptcy contexts pursuant to Federal Rules Of Bankruptcy Procedure 7012(b)(6) and is based upon the accompanying Memorandum Of Points And Authorities, the Court's files, records in this Adversary Proceeding, the main bankruptcy case, and such other evidence and arguments as may properly come before this Court. Federal Rule Of Civil Procedure 12, 'Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing,' states:

(B) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses mut be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not

require a responsive pleading, an opposing party may
assert at trial any defense to that claim. No defense or
objection is waived by joining it with one or more other
defenses or objections in a responsive pleading or in a
motion.

F.R.Civ.P. 12(b)(6).

Federal Rule Of Bankruptcy Procedure 7012, 'Defenses and Objections,' subsection (b), 'Applicability of Rule 12(b)-(i)' states:

Rule 12-(b)-(I) F.R.Civ.P. applies in adversary
proceedings. A responsive pleading shall include a
statement that the party does or doe not consent to entry
of final orders or judgment by the bankruptcy court.

F.R.B.P. 12(b).

Defendant Ari David Alexenburg consents to entry of a final order or judgment by this Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the hearing on this matter is set for _____ (to be assigned by Court) by Zoom.gov.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(a)(7), any opposition to the relief sought in this Motion must be in writing pursuant to Local Bankruptcy Rule 9013-1(f), filed with the Court and served on Defendant Ari David Alexenburg's counsel no less than fourteen days prior to the hearing date. Failure to timely file and serve an opposition may be deemed by the Court consent to granting of the requested in the Motion.

///

///

///

///

# I

## **FACTUAL BACKROUND**

1.   On 02/28/2020 Plaintiff Yadegar was a passenger in a 2006 BMW 525i vehicle traveling northbound on the 405 Interstate north of Nordhoff Street.

2.   Also on 02/28/2020, Defendant Ari David Alexenburg, then-age 40, was the driver of another vehicle, a 2009 Toyota Camry, that was also traveling northbound on the 405 Interstate north of Nordhoff Street.

3.   The 2009 Toyota Camry vehicle that Defendant Ari David Alexenburg was driving was registered to and owned by his mother, Rochelle Alexenburg.

4.   Defendant Ari David Alexenburg's 2009 Toyota Camry vehicle accidentally rear-ended the 2006 BMW 525i vehicle in which Plaintiff Yadegar was a passenger.   The 2006 BMW 525i then proceeded to rear-end a truck that was in front of the 2006 BMW 525i vehicle.

5.   Defendant Ari David Alexenburg was not under the influence of drugs or alcohol at the time of the accident, nor have there been any allegations or insinuations that he was.

6.   Although Defendant Ari David Alexenburg had been licensed to drive in the state of New York when he turned 18 years of age in 1997 and until his license expired in 2015, he did not have a current driver's license at the time of the 02/28/2020 automobile accident.

///

7.    Although Defendant Ari David Alexenburg and was not covered by Rochelle Alexenburg's automobile insurance policy, neither he nor Rochelle Alexenburg realized that Defendant Ari David Alexenburg wasn't covered under Rochelle Alexenburg's automobile insurance policy until after the 02/28/2020 accident when they reported the accident to her carrier.

8.    Neither Defendant Ari David Alexenburg nor Rochelle Alexenburg had ever met Plaintiff Yadegar, or for that matter the driver of the 2006 BMW 525i vehicle in which Plaintiff Yadegar was a passenger, or the driver of the truck, prior to 02/28/2020.  Nor was the accident in any way a road rage incident.  The accident was just that, an accident, and was purely a result of, at worst, Defendant Ari David Alexenburg's negligence.

9.    Contrary to the allegations made by Plaintiff Yadegar, Defendant Ari David Alexenburg did not attempt to leave the scene of the accident.  The driver of the truck who was hit by the 2006 BMW 525i vehicle came up to Defendant Ari David Alexenburg's vehicle and urged him to pull the 2009 Toyota Camry over toe shoulder, which he did.  The driver of the truck then called 911 to report the accident and for an ambulance.  When the ambulance arrived, the paramedic felt that Defendant Ari David Alexenburg needed to be transported to the hospital.  After a CHP officer questioned Defendant Ari David Alexenburg, the ambulance took him to the hospital.  No attempts by Defendant Ari David Alexenburg were made to leave the scene or to avoid providing identification and what he thought was current insurance information.

///

10.  Plaintiff Yadegar, represented by Law Offices Of Eric Bryan Seuthe & Associates, initiated a 'Complaint For Damages: Motor Vehicle Negligence' lawsuit in Los Angeles County Superior Court, case number 20STCV10613, on or about 03/17/2020 against both Defendant Ari David Alexenburg and Rochelle Alexenburg asserting personal injuries suffered in the 02/28/2020 automobile accident. A true and correct copy of Plaintiff Yadegar's Superior Court lawsuit is attached as Exhibit 1.

11.  Although Plaintiff Yadegar's Superior Court lawsuit describes Defendant Ari David Alexenburg as having driven negligently, recklessly and carelessly and describes Rochelle Alexenburg as having negligently entrusted, managed, and maintained the 2009 Toyota Camry vehicle, nothing in the Superior Court lawsuit alleges willful and/or malicious conduct on the part of either Defendant Ari David Alexenburg or Rochelle Alexenburg.

12.  Defendant Ari David Alexenburg filed a Chapter 7 voluntary bankruptcy case in the Central District Of California's San Fernando Valley Division on 06/11/2022.

13.  It should be noted that Rochelle Alexenburg also filed a Chapter 7 bankruptcy case in the Central District Of California's San Fernando Valley Division 06/11/2022.  Case number 1:22-bk-10694-VK was assigned.

14.  The <u>Yadegar v. Alexenburg</u> Superior Court lawsuit was still pending at the time that both Defendant Ari David Alexenburg and Rochelle Alexenburg filed their bankruptcy cases.  The Superior Court lawsuit remains stayed as a result of the bankruptcy filings. ///

15.    Plaintiff Yadegar filed a timely complaint against Defendant Ari David Alexenburg as well as against Rochelle Alexenburg, on 09/20/2022.  She then proceeded to file two amended complaints, on 09/21/2022 (Docket Number 3) and a second amended complaint on 09/21/2022 (Docket Number 5).

16.    Paragraph 13 of Plaintiff Yadegar's Complaint, as amended, asserts:

> Debtor ARI DAVID ALEXENBURG acted with intent and malice every moment he drove without a license, without skill and knowledge of how to drive.  For every second he was on the road he was knowingly, willfully and intentionally endangering other drivers on the road.

17.    Paragraph 14 of Plaintiff Yadegar's Complaint, as amended, asserts:

> Additionally when Debtor ARI DAVID ALEXENBURG attempted to leave the scene without giving his information or admitting his actions he did so willfully and with the intent to prevent Plaintiff/Creditor from collecting for ARI DAVID ALEXENBURG's wrongdoing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**II**

**LEGAL STANDARD**

Federal Rule Of Civil Procedure 12(b)(6), made applicable in bankruptcy matters by way of Federal Rule Of Bankruptcy Procedure 7012(b)(6), provides a mechanism to test the legal sufficiency of averments in the complaint.  Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted."  A complaint must be dismissed under FRCP Rule 12(b)(6) if it either lacks a cognizable legal theory or lacks sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

1  Dismissal under Federal Rule Of Civil Procedure 12(b) is

2  appropriate only when the complaint (1) "lacks a cognizable theory"

3  or (2) lacks "sufficient facts to support a cognizable legal

4  theory." Mendiondo v. Centinela Hosp. Med. Ctr. 521 F.3d 1097,

5  1104 (9th Cir. 2008).

6       To survive a motion to dismiss under FRCP 12(b)(6), a

7  plaintiff must allege sufficient facts to raise a right to relief

8  above the speculative level, that is, a claim for relief that is

9  plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544,

10  555-56 (2007). "A claim has facial plausibility when the plaintiff

11  pleads factual content that allows the court to draw the reasonable

12  inference that the defendant is liable for the misconduct alleged."

13  See, e.g., Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th

14  Cir. 2012) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S.

15  662, 678 (2009)). Assessing whether a complaint "states a

16  plausible claim for relief" is a "context-specific task that

17  requires the reviewing court to draw on its judicial experience and

18  common sense" and to look for "more than the mere possibility of

19  misconduct." Iqbal, supra, 556 U.S. at 679.

20                                **III**

21  **PLAINTIFF YADEGAR HAS FAILED TO DEMONSTRATE A PLAUSIBLE**

22  **CLAIM FOR HER RELIEF THAT DEFENDANT ARI DAVID ALEXENBURG'S**

23  **OBLIGATION TO HER OUGHT TO BE NONDISCHARGEABLE**

24  **PURSUANT TO 11 U.S.C. SECTION 523(a)(6).**

25  Bankruptcy Code Section 523(a) provides that:

26  A discharge under § 727...does not discharge an
    individual debtor from any debt–

27

28                          Page 8 of 16

1    ...

2            (6) for willful and malicious injury by the

3    debtor to another entity or to the property of
     another entity.

4    11 U.S.C. § 523(a)(6).  To prevail on a claim under Section

5    523(a)(6), a creditor must show three elements: (1) willful

6    conduct, (2) malice; and (3) causation. *See* <u>In re Butcher</u>, 200

7    B.R. 675, 680 (Bankr. C.D. Cal. 1996) (quoting <u>In re Apte</u>, 180 B.R.

8    223, 230 (9th Cir. BAP 1995); *see also* <u>In re Barboza</u>, 545 F.3d 702,

9    706 (9th Cir. 2008) (holding that the malicious injury requirement

10   is separate from the willful injury requirement); <u>Orsmby v. First</u>

11   <u>American Title Company Of Nevada</u>, 591 F.3d 1199, 1206 (9th Cir.

12   2010) (holding that 'willful' and 'malicious' are both required

13   elements to establish nondischargeability under Section 523(a)(6)).

14   A willful and malicious injury under this provision requires proof

15   of a "deliberate or intentional injury, not merely a deliberate or

16   intentional act that leads to injury." <u>Kawaauhau v. Geiger</u>, 523

17   U.S. 57, 61 (1998).

18       An injury is willful when "the debtor subjectively intended to

19   cause injury to the creditor, or the debtor subjectively believed

20   that the injury was substantially certain to occur to the creditor

21   as a result of her actions." <u>In re Chunchai Yu</u>, BAP No. CC-16-

22   1045-KuFD, 2016 WL 4261655, at *3 (9th Cir. BAP 08/11/2016); *see*

23   *also* <u>In re Ormsby</u>, 591 F.3d 1199, 1207 (9th Cir. 2010) ("The

24   [d]ebtor is charged with the knowledge of the natural consequences

25   of his actions."); <u>Bankers Healthcare Grp., LLC v. Moss (In re</u>

26   <u>Moss</u>), 598 B.R. 508, 518 (Bankr. N.D. Ga. 2019) ("For a failure to

27   pay loans, the debtor must have 'acted with a specific intent to

28   **Page 9 of 16**

cause economic injury, or knew injury was substantially certain to result, from his failing to remit payment on the subject loans,' for § 523(a)(6) to be indicated.") (citations omitted).  If the act was intentional and the debtor knew that it would necessarily cause injury, 'willful' intent does not require that the debtor has had the specific intent to injure the creditor.  In re Jercich, 238 F.3d, 1202, 1207 (9th Cir. 2001).  'Willful' means 'voluntary' or 'intentional.'  Kawaauhau, 523 U.S. at 61-62 (citations omitted).

An injury is malicious when it involves: (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is done without just cause or excuse.  In re Barboza, 545 F.3d at 706 (quoting In re Jercich, 238 F.3d at 1209).  This definition "does not require a showing of biblical malice, i.e., personal hatred, spite, or ill will."  In re Bammer, 131 F.3d 788, 791 (9th Cir. 1997).  The Supreme Court narrowly held that "nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."  Kawaauhau, 523 U.S. at 61 (citations omitted).

Does Plaintiff Yadegar have a valid case in Los Angeles County Superior Court that because Defendant Ari David Alexenburg drove his vehicle negligently and caused an accident resulting in Plaintiff Yadegar suffering personal injuries, Defendant Ari David Alexenburg ought to be liable for those damages?  Presumably yes.  But has Plaintiff Yadegar plead any facts in either the Los Angeles County Superior Court or here in this bankruptcy adversary proceeding that would suggest that such liability ought to survive

///

1   Defendant Ari David Alexenburg's Chapter 7 bankruptcy?  No, not
2   even close.

3         There was no willfulness on the part of Defendant Ari David
4   Alexenburg.  He did not 'subjectively intend to cause injury' to
5   Plaintiff Yadegar, nor did he 'subjectively believe that injury was
6   substantially certain to occur' to Plaintiff Yadegar as a result of
7   his actions.  Defendant Ari David Alexenburg, who does in fact know
8   how to drive a vehicle, did not intend to cause injury to anyone,
9   nor did he believe that injury was substantially certain to occur
10  to anyone simply by driving his mother's vehicle.  And allegations
11  that he attempted to leave the scene of the accident, while not
12  terribly relevant to the issue, is simply false.

13        There was no malice on the part of Defendant Ari David
14  Alexenburg.  If, as the Supreme Court stated in <u>Kawaauhau</u>,
15  "nondischargeability takes a deliberate or intentional injury, not
16  merely a deliberate or intentional act that leads to injury," how
17  can driving a vehicle, whether licensed or not, constitute an
18  intent to cause a deliberate or intentional injury?  The answer is
19  that it cannot.  If Defendant Ari David Alexenburg knew Plaintiff
20  Yadegar and was attempting to use his vehicle as a weapon that
21  might be one thing, but such facts have not be alleged because such
22  facts do not exist.

23        Plaintiff Yadegar has alleged no facts that would suggest that
24  the requisite degree of willfulness and/or malice on the part of
25  Defendant Ari David Alexenburg is present in this case.  Nor can
26  she, because such facts simply don't exist.  It was, pure and
27  simple, a garden variety automobile accident and any resulting

28                          Page 11 of 16

1 liability on the part of Defendant Ari David Alexenburg should

2 accordingly be, as a result of the 09/29/2022 Clerk's entry of

3 Defendant Ari David Alexenburg's Chapter 7 discharge, deemed

4 discharged.

**IV**

**CONCLUSION**

7   **WHEREFORE,** Defendant Ari David Alexenburg prays that this

8 Court grant his Motion For An Order Dismissing Complaint, Filed

9 09/22/2022, Docket Number 5, By Plaintiff Daphne Yadegar, Without

10 Leave To Amend, For Failure To State A Claim For Relief Pursuant To

11 Federal Rule Of Bankruptcy Procedure 7012(b)(6), enter an Order

12 accordingly, and for such other and further relief as this Court

13 may deem just and proper.

14 Dated:  10/03/2022                    **Law Offices Of Hagen & Hagen**

                                        By: <u>/s/</u> <u>Jeffrey J Hagen</u>
                                        **Jeffrey J Hagen**
                                        Attorneys For Defendant
                                        Ari David Alexenburg

### <u>DECLARATION</u> <u>OF</u> <u>DEFENDANT</u> <u>ARI</u> <u>DAVID</u> <u>ALEXENBURG</u>

I, Ari David Alexenburg, declare:

1.  I am the Defendant herein.

2.  I am personally familiar with the facts stated.

3.  On 02/28/2020 Plaintiff Yadegar was a passenger in a 2006 BMW 525i vehicle traveling northbound on the 405 Interstate north of Nordhoff Street.

4.  Also on 02/28/2020, I, then-age 40, was the driver of another vehicle, a 2009 Toyota Camry, that was also traveling northbound on the 405 Interstate north of Nordhoff Street.

5.  The 2009 Toyota Camry vehicle that I was driving was registered to and owned by my mother, Rochelle Alexenburg.

6.  My 2009 Toyota Camry vehicle accidentally rear-ended the 2006 BMW 525i vehicle in which Plaintiff Yadegar was a passenger. The 2006 BMW 525i then proceeded to rear-end a truck that was in front of the 2006 BMW 525i vehicle.

7.  I was not under the influence of drugs or alcohol at the time of the accident, nor have there been any allegations or insinuations that he was.

8.  Although I had been licensed to drive in the state of New York when I turned 18 years of age in 1997 and until my license expired in 2015, I did not have a current driver's license at the time of the 02/28/2020 automobile accident.

9.  Although I was not covered by Rochelle Alexenburg's automobile insurance policy, neither Rochelle Alexenburg nor I realized that I wasn't covered under Rochelle Alexenburg's

///

1  automobile insurance policy until after the 02/28/2020 accident

2  when we reported the accident to her carrier.

3  10. Neither Rochelle Alexenburg nor I had ever met Plaintiff

4  Yadegar, or for that matter the driver of the 2006 BMW 525i vehicle

5  in which Plaintiff Yadegar was a passenger, or the driver of the

6  truck, prior to 02/28/2020. Nor was the accident in any way a road

7  rage incident. The accident was just that, an accident, and was

8  purely a result of, at worst, my negligence.

9  11. Contrary to the allegations made by Plaintiff Yadegar,

10  I did not attempt to leave the scene of the accident. The driver

11  of the truck who was hit by the 2006 BMW 525i vehicle came up to my

12  vehicle and urged me to pull the 2009 Toyota Camry over toe

13  shoulder, which I did. The driver of the truck then called 911 to

14  report the accident and for an ambulance. When the ambulance

15  arrived, the paramedic felt that I needed to be transported to the

16  hospital. After a CHP officer questioned me, the ambulance took me

17  to the hospital. I made no attempts to leave the scene or to avoid

18  providing identification and what I thought was current insurance

19  information.

20  12. Plaintiff Yadegar, represented by Law Offices Of Eric

21  Bryan Seuthe & Associates, initiated a 'Complaint For Damages:

22  Motor Vehicle Negligence' lawsuit in Los Angeles County Superior

23  Court, case number 20STCV10613, on or about 03/17/2020 against both

24  Rochelle Alexenburg and me asserting personal injuries suffered in

25  the 02/28/2020 automobile accident. A true and correct copy of

26  Plaintiff Yadegar's Superior Court lawsuit is attached as Exhibit

27  1.

28

13.   Although Plaintiff Yadegar's Superior Court lawsuit describes me as having driven negligently, recklessly and carelessly and describes Rochelle Alexenburg as having negligently entrusted, managed, and maintained the 2009 Toyota Camry vehicle, nothing in the Superior Court lawsuit alleges willful and/or malicious conduct on the part of either Rochelle Alexenburg or me.

14.   I filed a Chapter 7 voluntary bankruptcy case in the Central District Of California's San Fernando Valley Division on 06/11/2022.

15.   It should be noted that Rochelle Alexenburg also filed a Chapter 7 bankruptcy case in the Central District Of California's San Fernando Valley Division 06/11/2022.  Case number 1:22-bk-10694-VK was assigned.

16.   The <u>Yadegar v. Alexenburg</u> Superior Court lawsuit was still pending at the time that both Rochelle Alexenburg and I filed our bankruptcy cases.  The Superior Court lawsuit remains stayed as a result of the bankruptcy filings.

17.   Plaintiff Yadegar filed a timely complaint against me as well as against Rochelle Alexenburg, on 09/20/2022.  She then proceeded to file two amended complaints, on 09/21/2022 (Docket Number 3) and a second amended complaint on 09/21/2022 (Docket Number 5).

18.   Paragraph 13 of Plaintiff Yadegar's Complaint, as amended, asserts:

> Debtor ARI DAVID ALEXENBURG acted with intent and malice every moment he drove without a license, without skill and knowledge of how to drive.  For every second he was on the road he was knowingly, willfully and intentionally endangering other drivers on the road.

1      19.   Paragraph 14 of Plaintiff Yadegar's Complaint, as

2  amended, asserts:

3      Additionally when Debtor ARI DAVID ALEXENBURG attempted
       to leave the scene without giving his information or
4      admitting his actions he did so willfully and with the
       intent to prevent Plaintiff/Creditor from collecting for
5      ARI DAVID ALEXENBURG's wrongdoing.

6      I declare under penalty of perjury that the foregoing

7  statements are true and correct and I could if called upon

8  competently testify thereto.

9      Executed this 3ʳᵈ day of 10/2022 at Woodland Hills, California.

10

11

12

13     Ari David Alexenburg
       Declarant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          Page 16 of 16

# Exhibit

# 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/17/2020 09:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Eric Bryan Seuthe, Esq. (SBN 90269)
Terrence I. Swinson, Esq. (SBN 275744)
**LAW OFFICES OF ERIC BRYAN SEUTHE & ASSOCIATES**
445 South Beverly Drive, 2nd Floor
Beverly Hills, CA 90212
Telephone:(310)277-8020

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAPHNE YADEGAR,<br><br>                    Plaintiff,<br><br>vs.<br><br>ARI DAVID ALEXENBURG; ROCHELLE H ALEXENBURG, and Does 1 through 25, inclusive,<br><br>                    Defendants, | CASE NO: 20STCV10613<br><br>**COMPLAINT FOR DAMAGES**<br><br>Motor Vehicle<br>Negligence |

COMES NOW plaintiff DAPHNE YADEGAR, and for her cause(s) of action

against the defendants and each of them, alleges as follows:

## **FIRST CAUSE OF ACTION**

(For Negligence by DAPHNE YADEGAR,

Against all Defendants, and Each of Them)

1.    All the acts complained of herein occurred in the County of Los Angeles,

State of California.

2.    That the true names and capacities, whether individual, corporate,

**1**

associate or otherwise of defendants, DOES 1 through 25, inclusive, are

unknown to plaintiff at this time, who therefore sues said defendants by

such fictitious names, and that when the true names and capacities of

said defendants are ascertained, plaintiff will amend this complaint

accordingly.

3.   Plaintiff is informed and believes and thereon alleges that each of the

defendants designated herein as a DOE is responsible in some manner

for the events and happenings herein referred to and caused injury and

damages proximately thereby to plaintiff, as herein alleged.

4.   Plaintiff, DAPHNE YADEGAR, is and at all times herein mentioned was a

resident of the County of Los Angeles, State of California.

5.   Plaintiff is informed and believes and thereon alleges that defendants, ARI

DAVID ALEXENBURG and ROCHELLE H ALEXENBURG, is, and at all

times herein mentioned, was a resident of the County of Los Angeles,

State of California.

6.   Plaintiff is informed and believes and thereon alleges that defendants,

DOES 1 through 25, inclusive, are, and at all times herein mentioned,

were residents of the County of Los Angeles, State of California.

7.   That at all times herein mentioned, Northbound 405 Freeway 700 feet

north of Nordhoff Blvd is in  the County of Los Angeles, State of

California.

8.   That at all times herein mentioned, plaintiff DAPHNE YADEGAR was the

passenger of a 2006, Silver, BMW 5251, a motor vehicle which was

involved in the collision herein described.

9.   Plaintiff is informed and believes that thereon alleges that defendant ARI

DAVID ALEXENBURG was the operator of the 2009, Silver, Toyota,

Camry, a motor vehicle, which was involved in the collision herein

**2**

---

**COMPLAINT FOR DAMAGES**

described.

10.    Plaintiff is informed and believes that thereon alleges that defendant
ROCHELLE H ALEXENBURG was the owner of the 2009, Silver, Toyota,
Camry, a motor vehicle, which was involved in the collision herein
described.

11.    Plaintiff is informed and believes and thereon alleges that at all times
herein mentioned, defendants ARI DAVID ALEXENBURG and
ROCHELLE H ALEXENBURG, and DOES 1 through 25, inclusive, and
each of them, was the operator and  the owners of  the 2009, Silver,
Toyota, Camry, a motor vehicle, which was involved in the collision herein
described.

12.    Plaintiff is informed and believes and thereon alleges that at all times
herein mentioned, each defendant was the agent, servant and employee
of the remaining co-defendants and was acting within the course and
scope of such agency, service and employment, with the knowledge,
consent, and permission of the remaining co-defendants.

13.    That on or about February 28, 2020, at the aforementioned place, while
plaintiff was driving within the aforementioned motor vehicle, the
defendants, and each of them, so negligently, recklessly, carelessly,
entrusted, managed, maintained, drove and operated said defendants'
motor vehicle, so as to cause the same to strike and collide with the
plaintiff's vehicle described herein above, thereby proximately causing the
plaintiff to be severely injured as described hereinafter, and further
proximately causing the plaintiff to sustain damages, as hereinafter
described.

14.    That as a proximate result of the negligence of the defendants, and each
of them, and DOES 1 through 25, and each of them, as herein alleged,

**3**

**COMPLAINT FOR DAMAGES**

the plaintiff has suffered special damages in an amount according to proof.

15.    That as a proximate and direct result of the negligence, recklessness and carelessness of the defendants, and each of them, plaintiff has sustained, and in the future is certain to sustain, disabling, serious and permanent injuries, pain, suffering and mental anguish in connection therewith, all to her general damages according to proof.

16.    That as a further, direct and proximate result of the negligence, recklessness and carelessness of the defendants, and each of them, plaintiff has incurred and will in the future incur medical and sundry expenses in the examination, care and treatment of her injuries, and continuing to date, the exact nature and extent of which are unknown to plaintiff at this time, and plaintiff will ask leave of court to amend this complaint in this regard when the same are ascertained.

17.    At the time of said injuries, plaintiff was employed in her usual occupation and as a further proximate result of the negligence of the defendants and each of them, and by reason of said injuries suffered by her, plaintiff was unable to attend her usual occupation and thereby lost earnings and earning capacity.

18.    The full amount of such loss of earnings, past and future, is an amount which is currently unknown to plaintiff, and plaintiff will amend this complaint to state the full amount of such damages when it becomes known to her, or upon proof thereof.

**WHEREFORE**, plaintiff prays for judgment against the defendants, and each of them, as follows:

## <u>ON ALL CAUSES OF ACTION</u>

**4**

**COMPLAINT FOR DAMAGES**

1.  For general damages in the amount according to proof;

2.  For special damages for x-rays, medical and sundry expenses, according to proof;

3.  For loss of earnings and earning capacity, according to proof;

4.  For costs of suit incurred herein; and

5.  For such other and further relief as the Court may deem just and proper.

Dated: March 17, 2020

LAW OFFICES OF ERIC BRYAN
SEUTHE & ASSOCIATES

By:_____
ERIC BRYAN SEUTHE
TERRENCE I. SWINSON
ATTORNEYS FOR PLAINTIFF

**5**

**COMPLAINT FOR DAMAGES**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Law Offices Of Hagen & Hagen, 4559 San Blas Avenue, Woodland Hills, California 91364

A true and correct copy of the foregoing document entitled (*specify*):  Motion By Defendant Ari David Alexenburg For Order Dismissing Complaint By Plaintiff Daphne Yadegar, Without Leave To Amend, For Failure To State A Claim For Relief Pursuant To Federal Rule Of Bankruptcy Procedure 7012(b)(6); Memorandum Of Points And Authorities; Declaration Of Defendant Ari David Alexenburg
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/03/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___10/03/2022_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/03/2022 | Jeffrey J Hagen | /s/ Jeffrey J Hagen |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**

**SECTION I - TO BE SERVED BY THE COURT VIA NEF**

**Chapter 7 Trustee:**

Amy L Goldman (TR)   marisol.jaramillo@lewisbrisbois.com
                     AGoldman@iq7technology.com;
                     ecf.alert+Goldman@titlexi.com

**United States Trustee:**

United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov

**Requests For Special Notice:**

None

**Requests For Courtesy Notification Of Electronic Filing:**

Terrence Swinson   terrenceswinson@gmail.com

**SECTION II - SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL**

**Defendant:**

Mr. Ari David Alexenburg
8114 Kentland Avenue
West Hills, California  91304